UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY MCBROOM,<br><br>        Plaintiff,<br><br>        v.<br><br>WAL-MART STORES, INC.; STEVE PROCTOR, an individual; and Does 1 through 25, inclusive,<br><br>        Defendants. | No. 2:15-cv-02648-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Coy McBroom ("Plaintiff") seeks redress from his former employer, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") for alleged discrimination, harassment and wrongful termination. According to Plaintiff, he was harassed and ultimately fired following a workplace injury on May 7, 2014. Plaintiff's former manager, Steve Proctor ("Proctor"), is also named as a defendant on grounds that he harassed Plaintiff prior to his termination. Plaintiff's Complaint, initially filed in state court, was removed to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

Two motions are presently before the Court. First, Plaintiff moves to remand this matter back to state court arguing that Proctor's presence in this case destroys diversity and therefore deprives this Court of jurisdiction. Second, both Wal-Mart and Proctor move to dismiss Plaintiff's Second Cause of Action for Disability Harassment in violation

of the California Fair Employment and Housing Act ("FEHA"),[1] the only cause of action directed at Proctor, pursuant to Federal Rule Civil Procedure 12(b)(6).[2]  According to Defendants, Plaintiff has failed to state a claim upon which relief can be granted because none of the acts alleged against them constitute the requisite "severe" or "pervasive" conduct needed for a viable FEHA harassment claim.  For the reasons set forth below, Plaintiff's Motion to Remand is DENIED, and Defendants' request that the Second Cause of Action be dismissed, and that Proctor consequently be terminated as a Defendant, is GRANTED.[3]

## BACKGROUND

Plaintiff was employed between October 13, 2007, and August 13, 2014, as an overnight maintenance associate at Wal-Mart's Pleasant Grove store located in Roseville, California.  Pl.'s Compl., ¶ 16.  On May 7, 2014, Plaintiff sustained a workplace accident which resulted in injuries to his hip and elbow and necessitated immediate surgery.  Id. at ¶ 18.  According to Plaintiff, while Plaintiff was on medical leave, Proctor told him "that he did not want [Plaintiff] to return to work unless he could work like he did before his injury."  Id. at ¶ 19.  On or about August 9, 2014, after Plaintiff's doctor had released him to return to work with light duty restrictions, Plaintiff returned to work at Wal-Mart in a temporary basis as a "people greeter."  Plaintiff was terminated four days later.  Id. at ¶¶ 20-21, 23.

Plaintiff has sued Wal-Mart and Proctor on the basis of these admittedly sparse allegations.  Plaintiff's Complaint, filed on or about November 16, 2015, in the Placer

---

[1] FEHA is codified at California Government Code § 12940, et seq., and Plaintiff's specific contentions with respect to disability harassment allege violations of § 12940(j).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Eastern District of California Local Rule 230(g).

County Superior Court, was removed by Defendants on December 22, 2015.  Despite the purported inclusion of Proctor, a California resident, as a defendant, Wal-Mart alleged that because Proctor was a "sham" defendant named as a party solely for purposes of defeating diversity, removal was nonetheless proper.  Wal-Mart points to the fact that on the basis of the complaint, Proctor's only claimed wrongdoing was to tell Plaintiff on one occasion that he should not return to work "unless he could work like he did before his injury."  According to Wal-Mart, a single allegation of that nature was insufficient to state the kind of pervasive and severe conduct required to establish an actionable harassment claim.  Because Proctor is named as a Defendant only in a single cause of action for disability harassment, he alleges that Plaintiff cannot state a viable claim against him and that his presence in this lawsuit must be disregarded for diversity purposes.

As indicated above, Plaintiff moves to remand his case back to Placer County arguing to the contrary that Proctor's inclusion as a defendant is in fact proper and defeats diversity.  Defendants concurrently move to dismiss the Second Cause of Action predicated on harassment under FEHA on taking the position that no actionable harassment can be pled against either Proctor or Wal-Mart.  Defendants further request that Proctor be dismissed from this case in its entirety as an improperly joined defendant under Rule 21.

## STANDARD

**A. Motion to Remand**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court

3

1  has federal question jurisdiction in "all civil actions arising under the Constitution, laws,
2  or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction
3  "where the matter in controversy exceeds the sum or value of $75,000, . . . and is
4  between citizens of different states, or citizens of a State and citizens or subjects of a
5  foreign state . . . ." Id. § 1332(a)(1)-(2).

6       A defendant may remove any civil action from state court to federal district court if
7  the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The
8  party invoking the removal statute bears the burden of establishing federal jurisdiction."
9  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.
10 Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the
11 removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
12 Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in
13 the first instance," the motion for remand must be granted. Id.

14     **B. Motion to Dismiss**

15      On a motion to dismiss for failure to state a claim under Federal Rule of Civil
16 Procedure 12(b)(6), all allegations of material fact must be accepted as true and
17 construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.
18 Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain
19 statement of the claim showing that the pleader is entitled to relief' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
21 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
22 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require
23 detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of
24 his entitlement to relief requires more than labels and conclusions, and a formulaic
25 recitation of the elements of a cause of action will not do." Id. (internal citations and
26 quotations omitted).  A court is not required to accept as true a "legal conclusion
27 couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
28 Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

4

above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

In order to state a prima facie case for harassment under FEHA, Plaintiff must show, inter alia, that: (1) he was a member of a protected class; 2) he was subjected to unwelcome harassment based on his membership in that class; and 3) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment. Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010). To be actionable, harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment." Etter v. Veriflo Corp., 67 Cal. App. 4th 457, 465 (1998). With respect to the requirement that harassment be pervasive, courts have held that recovery cannot be made for "harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted and repeated pattern of harassment of a repeated, routine, or a generalized nature." Lyle v. Warner Bros. Television Prod., 38 Cal. 4th 264, 283 (2006) (citations omitted). In addition, "commonly necessary personnel management actions . . . do not come within the meaning of harassment. Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 64-65 (1996). Instead, actionable harassment requires "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Id. at 63. Harassment, then, does not include conduct simply necessary for the "performance of [a] supervisory employee's job." McKenna v. Permanente Medical Group, Inc., 894 F. Supp. 2d 1258, 1280-81 (E.D. Cal. 2012) (citing Reno v. Baird, 18 Cal. 4th 640, 646-47 (1998)).

Here, Plaintiff's complaint states only that Proctor told him on a single occasion that he didn't want him to return to work unless he could work like he did before being
/////

injured.[4]  Significantly, according to the Complaint, that statement was made while Plaintiff was on medical leave and consequently by Plaintiff's own admission did not occur while he was actually working.  Moreover, Proctor's purported statement, on its face, pertains only to Plaintiff's ability to work and not to some unrelated issue extraneous to his employment.  Additionally, as indicated above, Plaintiff's own Complaint makes it clear that he did in fact subsequently return to work in a light duty capacity prior to being terminated.

In assessing whether the joinder of a party is deemed fraudulent and a "sham" intended only to defeat diversity, courts look to whether the plaintiff fails to state a cause of action against the defendant in question, and whether that failure is "obvious according to the settled rules of the state."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)).  Where a plaintiff has obviously failed to state any claim under such settled law, remand for lack of diversity would be improper.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001).

The defendant bears the burden of showing fraudulent joinder, and simply alleging that a plaintiff has not pled sufficient facts to state a claim does not necessarily suffice if plaintiff could potentially amend the complaint to allege a viable claim. Birkhead v. Parker, 2012 WL 4902695 at *2-3 (N.D. Cal. Oct. 15, 2012).  Nonetheless, if it is clear under state law that under no circumstance identified by a plaintiff could a viable claim be made against the defendant alleged to have been fraudulently joined, dismissal can still be appropriate.  See Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").

---

[4] While Wal-Mart is also ostensibly named as a Defendant in Plaintiff's disability harassment claim, there are no allegations of harassment against Wal-Mart separate and apart from those alleged against Proctor as Plaintiff's manager.  Therefore, the viability of Plaintiff's claim against Wal-Mart necessarily depends on whether a cognizable claim has been stated against Proctor.

Although a defendant must show that that there is virtually no chance that plaintiff can state a viable claim in order to invoke fraudulent removal, that assessment must still be based largely on the allegations of the plaintiff's complaint. Removability is therefore generally determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Diversity jurisdiction should consequently be analyzed at the time the complaint is filed and removal is effectuated. Strotek Corp. v. Air Transp., Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002); Toth v. Guardian Industries Corp., 2012 WL 468244 at * 5 (E.D. Cal. Feb. 13, 2013) ("[T]he weight of authority holds that review of the complaint, even in fraudulent joinder cases, is constrained to the facts actually alleged therein.").

Contending that Proctor told him on a single occasion that he should not return to work unless he could work like he did before the injury does not take Plaintiff's allegations beyond the realm of an "isolated" comment insufficient for purposes of disability harassment. Instead, as indicated above, actionable conduct in this regard must be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment." Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d. 590, 609 (1989) (citations omitted). "California courts looks to several factors in making this determination under FEHA, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Niami v. Fed. Express Print Servs., Inc., 2010 WL 958045 at *6 (N.D. Cal. Mar. 12, 2010) (citing Miller v. Dept. of Corrections, 36 Cal. 4th 446, 462 (2005). Here, the single statement made by Proctor simply fails to establish, as it must to be actionable, "a concerted pattern" of "repeated" harassment. Lyle v. Warner Bros., 38 Cal. 4th at 283.

This conclusion would not change even were the Court to consider the additional allegations that Plaintiff claims would bolster his harassment claim against Proctor.

1  Plaintiff states he can amend his Complaint to show that Proctor "repeatedly" or on
2  "several occasions" made such comments.  Those allegations, however, do not save
3  Plaintiff's harassment claim.  First, Plaintiff specifically indicates that these comments
4  were made while Plaintiff was on leave and therefore did not occur in the workplace
5  itself.  See Pl.'s Opp. to Mot. to Dism., ECF No. 6, 5:20-21; 7:24-27.  Since Plaintiff was
6  not even working at the time the comments purportedly occurred, it is difficult to envision
7  how they could have created an "abusive work environment" that "altered the conditions"
8  of Plaintiff's employment.  Fisher, 214 Cal. App. 3d at 609.  Moreover, the fact that
9  Plaintiff did ultimately return to work in a light-duty position belies any apparent
10 contention that Proctor's alleged comments while Plaintiff was on medical leave
11 fundamentally changed the conditions of his employment.
12         Significantly, too, Proctor's comments about Plaintiff related to his work
13 performance in any event, and there is no evidence that Proctor made them, as
14 harassment would require, "for personal gratification, because of meanness or bigotry, or
15 for other personal motives."  Janken v. GM Hughes Elecs., 46 Cal. App. 4th at 63.  While
16 an individual employee can be held liable for "harassing behavior that is outside or
17 extraneous to his job duties" (Medrano v. Genco Supply Chain Solutions, 2011 WL
18 92016 at *4 (E.D. Cal. Jan. 11, 2011)), conduct necessary to a supervisor's job
19 performance cannot, as a matter of law, constitute such harassment.  Chau v. EMC
20 Corp., 2014 WL 842579 at *3 (N.D. Cal. Feb. 28, 2014).  Here, even if Proctor did make
21 a comment or comments as Plaintiff has alleged, they would have occurred in the
22 context of his supervisory role as relating to Plaintiff's return to work.  There is simply no
23 indication they were made for Proctor's own untoward personal purposes so as to
24 constitute actual harassment.[5]   Absent any such showing, Proctor is not a viable party

---

[5] While the Court recognizes that, under the right circumstances, even a single harassing act by a supervisor may be sufficient to support a viable harassment claim (see, e.g., Dee v. Vintage Petroleum, Inc., 106 Cal. App. 4th 30, 36 (2003)), the cases allowing a single objectionable remark to qualify in this regard are clearly distinguishable from the present matter.  Dee, for example, involved an unmistakable ethnic slur directed by a supervisor to an employee under his management. Here, on the other hand, no such plainly egregious statement is involved.

to Plaintiff's harassment claim and may properly be deemed a "sham" defendant to this lawsuit.  See Mendoza v. Staples, Inc., 2014 WL 6670221 (C.D. Cal. Nov. 24, 2014) (Where all allegations of harassment involved personal management issues and did not allege facts suggesting the conduct was for personal gratification or out of meanness or bigotry, remand was improper.).

This is not to rule out any conclusion that Proctor's comments, or Wal-Mart's ultimate decision to terminate Plaintiff shortly after he returned to work on a light-duty basis, were ultimately discriminatory.  Although discriminatory management decisions may ultimately be found actionable on that basis, that does not mean that discriminatory acts also necessarily amount to harassment.  Harassment, as indicated above, consists of conduct outside the scope of a supervisor's job performance and this distinction means that harassment and discrimination are differentially treated under FEHA since they involve two distinct wrongs.  See Roby v. McKesson Corp., 47 Cal. 4th 686, 707 (2009).

For all these reasons, Plaintiff's Motion to Remand fails.  The court finds that Proctor's inclusion in this lawsuit, as a named defendant in the disability harassment cause of action, must be disregarded since Proctor is a "sham" defendant.  Defendant's Motion to Dismiss, however, is well taken for the same reasons that Plaintiff's bid for remand must be denied.  Plaintiff's only ground for disability harassment, as alleged in the Second Cause of Action, rests with Proctor's allegedly objectionable comment or comments about Plaintiff returning to work, which the Court has already concluded cannot suffice to state a viable claim.  Moreover, because the Court has also determined that Proctor is a "sham" defendant, he is also entitled to be dismissed from this action under Rule 21, which authorizes the dismissal of an improperly joined party.

///

///

///

///

# CONCLUSION

Given all the foregoing, Plaintiff's Motion for Remand and Attorney's Fees[6] (ECF No. 5) is DENIED. Defendants' Motion to Dismiss (ECF No. 4), however, is GRANTED in its entirety as to Plaintiff's Second Cause of Action and with respect to Defendant Proctor's inclusion in this lawsuit. Because the Court does not believe that the Complaint's shortcomings in that regard can be cured through amendment, no leave to amend will be permitted.

IT IS SO ORDERED.

Dated: June 29, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's request for attorney's fees is based upon the argument that Defendants' removal was objectively unreasonable, which the Court has clearly rejected in finding that Proctor was indeed a "sham" defendant.